AMERICAN GENERAL LIFE INSURANCE COMPANY OF OKLAHOMA, Appellee,

v.

Fred T. BEAN, Appellant.

No. 58426.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 13, 1983.

Released for Publication by Order of Court of Appeals Oct. 14, 1983.

Haven Tobias and Curtis L. Smith, of counsel: Baker, Baker & Smith, Oklahoma City, for appellee.

Coleman, Walke & Briggs by Steve Coleman, Del City, for appellant.

YOUNG, Judge:

This appeal is taken solely on the issue of attorney's fees. Appellant successfully defended a suit for non-payment of a promissory note and was awarded attorney's fees pursuant to 12 O.S.1981 § 936. Appellant contends the amount awarded is insubstantial, unreasonable and clearly against the law and the weight of the evidence so as to constitute an abuse of discretion by the trial court.

The formula a trial court must apply in computing attorney's fees was announced in *State ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659 (Okl.1979), wherein the Oklahoma Supreme Court mandated:

... the proper procedure to be followed by trial courts in establishing a reasonable attorney fee is to *determine the hourly compensation on an hourly rate basis* and to add an *additional amount based on* the following *guidelines.* (1) Time and labor required. (2) The novelty and difficulty of the questions. (3) The skill requisite to perform the legal services properly. (4) The preclusion of other employment by the attorney due to acceptance of the case. (5) The customary fee. (6) Whether the fee is fixed or contingent. (7) Time limitations imposed by the client or the circumstances. (8) The amount involved and the results obtained. (9) The experience, reputation and ability of the attorneys. (10) The undesirability of the case, i.e. risk of non-recovery. (11) The nature and length of the professional relationship with the client. (12) Awards in similar cases.

\* \* \* \* \* \*.

Therefore, *the trial court should set forth with specificity the facts, and computation to support his award.* While the compensatory fee is not all that difficult a problem on review, if the trial court has made findings into the record regarding hours spent and reasonable hourly rates, the value placed on additional factors will be different in each case. Obviously, the reasonable value to be given for incentive fees should bear a reasonable relationship to the aggregate hourly compensation. [Emphasis added.]

Our review of the record discloses a failure on the part of the trial court to apply these procedures with respect to the evidence presented at trial. Rather, the award was predicated upon the trial court's reasoning that Appellant's attorney's fees should be limited to an amount not in excess of the amount in controversy notwithstanding the evidence appearing in the record. The trial court stated:

"... but I feel that going beyond the amount of judgment would be laying a new precedent, would be consistent with the term we know and recognize as punitive damages, which I don't see any reason for because there was no evidence of bad faith, no grounds of bad faith in this case, no fraud."

However, the basis for awarding attorney's fees in this case is 12 O.S.1981 § 936. The statute contains no such limitation, nor does *Burk.* This approach must yield to the mandate of *Burk.* The critical language of *Burk* is that in establishing a reasonable attorney's fee, the Court is to determine the hourly compensation on an hourly rate basis and add any additional amount based upon the enumerated guidelines.

We conclude neither the law nor the evidence appearing in the record supports the basis of computation or the conclusions of the trial court that:

(a) That Defendant's Attorney was entitled to Eighty and no/100 Dollars ($80.00) *per day* for fourteen (14) days of trial for One Thousand One Hundred Twenty and no/100 Dollars ($1,120.00).

(b) That Defendant's Attorney was entitled to eight at seventy and no/100 Dollars ($70.00) for depositions and exhibits for a total of Five Hundred Sixty and no/100 Dollars ($560.00), making a total Attorney's fee award of One Thousand Six Hundred Eighty and no/100 Dollars ($1,680.00).

(c) No compensation for pleadings, trial preparation, etc. [Emphasis added.]

Appellant's evidence showed that the number of hours spent by Appellant's attorney in defense of this matter on the merits, as well as additional time in preparation and presentation of the Attorney's fee issue, was between one hundred fifty and two hundred hours. Appellee's rebuttal of Appellant's evidence was that defense of the case at the trial level should have taken no more than one hundred hours. Appellant's evidence as to prevailing hourly rate in Oklahoma County, Oklahoma, was between $75.00 and $80.00 per hour, whereas Appellee's evidence as to the same issue showed the hourly rate to range between $60.00 and $65.00 per hour. Thus, the judgment of the trial court is clearly against the weight of the evidence even when viewed in a light most favorable to Appellee's opposing evidence. Moreover, the judgment is inconsistent with the law set forth in *Burk*.

For the foregoing reasons, we vacate the judgment of the trial court with respect to attorney's fees and remand this action to the trial court for further consideration and proper application of the law of the State of Oklahoma.

VACATED AND REMANDED WITH INSTRUCTIONS.

REYNOLDS, P.J., and ROBINSON, J., concur.